# In the United States Court of Federal Claims

Case No. 08-939C
FOR PUBLICATION
DATED: September 25, 2012

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **YAKAMA NATION HOUSING AUTHORITY,** * <br> * <br> *Plaintiff*, * <br> * <br> v. * <br> * <br> * <br> **THE UNITED STATES,** * <br> * <br> *Defendant*. * <br> * | *Lummi Tribe v. United States*, 99 Fed. Cl. 584 (2011); NAHASDA Reauthorization Act of 2008, Pub. L. No. 110-411, 122 Stat. 4319 Trusts |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Craig H. Kaufman*, Quarles & Brady, LLP, Tucson, AZ, for Plaintiff.

*Michael N. O'Connell*, Trial Attorney, Commercial Litigation Branch, Civil Division, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *David E. Kinner*, Assistant Director, Department of Justice, Washington, DC, for Defendant.

## ORDER VACATING

**SMITH, Senior Judge.**

Before the Court is Plaintiff's Motion to Vacate, Alter, or Amend the Order Granting, in part, Defendant's Motion to Dismiss. Plaintiff's Motion requests that the Court reinstate Plaintiff's claim that the Department of Housing and Urban Development ("HUS") violated the notice and hearing requirements in the Native American Housing and Self-Determination Act ("NAHASDA"), 25 U.S.C. §§ 4161 and 4165. In its Amended Complaint, Plaintiff alleges that it received annual housing grants, referred to as Indian Housing Block Grants, from HUD through the grant allocation formula in NAHASDA. Plaintiff contends that HUD improperly reduced Plaintiff's annual grants and seeks to account for and recover those grant funds which Plaintiff contends the Government both unlawfully withheld as well as attempted to recapture.

Previously, in its published opinion, *Yakama Nation Housing Authority v. United States*, 102 Fed. Cl. 478 (2011), the Court granted in part and denied in part Defendant's Motion to Dismiss. In its opinion, the Court held the following: (1) 28 U.S.C. § 1500 does not divest the Court of jurisdiction; (2) the Reauthorization Act did not revive Plaintiff's claims that had expired; (3) NAHASDA is a money-mandating statute; (4) the Anti-Deficiency Act does not bar

1

relief; (5) 25 U.S.C. § 4161 does not divest this Court of jurisdiction and, consistent with *Lummi v. United States*, 99 Fed. Cl. 584 (2011)[1], does not provide the Plaintiff with a separate ground for relief in this Court; and (6) a trust relationship exists, but both parties concede that the breach to be considered is one of contract rather than of fiduciary duties.

Now the question before the Court is whether Plaintiff's § 4161 claim, which is its second claim, should be reinstated.[2]   In its Opinion, the Court dismissed this claim by reason that it could not stand as a separate claim.  However, Plaintiff now asks that the Court reinstate this claim, as Plaintiff asserts that it is a separate cause of action.  In support, Plaintiff first argues that NAHASDA is a comprehensive remedial scheme and, therefore, supersedes HUD's common-law authority to recover overpayments. The remedial scheme, according to Plaintiff, dictates that HUD must follow the NAHASDA guidelines when reducing payments. Further, Plaintiff states that HUD's attempts to recover funds demand a finding that Plaintiff was not in substantial compliance with NAHASDA.  Plaintiff argues that, in order to make such a finding, HUD must afford Plaintiff the procedural protections found in § 4161, including notice and a hearing. Plaintiff claims this was not done.  Therefore, Plaintiff argues the claim can be heard as a separate claim.

On the other hand, Defendant claims that it has inherent authority to recover overpayments. Therefore, the remedial scheme does not affect the outcome.  However, even if it's applied, Defendant also asserts that Plaintiff's argument with regard to substantial compliance must fail because Defendant is not asserting that Plaintiff was not in substantial compliance with NAHASDA. Defendant argues that, because Defendant was relying on its inherent authority to recover overpayments, Defendant was not required to find that Plaintiff was not in substantial compliance, thus Plaintiff was not due the procedural protections of § 4161. Thus, Defendant argues the claim should remain dismissed as Plaintiff has not asserted a separate ground for relief.

The Court turns its attention, therefore, to the Compliant and § 4161 to determine whether Plaintiff's claim should be reinstated.  First, in its Amended Complaint, Plaintiff states the following:

> Each such attempted recapture and/or exclusion is also unlawful because HUD may only reduce a NAHASDA recipient's grant amounts by complying with the notice and opportunity for hearing requirements of Sections 401 and 405 of NAHASDA (25 U.S.C. §§ 4161 and 4165), 24 C.F.R. § 1000.532, and the due process clause of the United States Constitution, Amendment 5. HUD did not comply with any such provision in effecting the attempted recaptures and/or exclusions, nor did HUD at any time advise [Plaintiff] of any of the above-mentioned referenced notice and hearing rights.

---

[1] The Court in Lummi later vacated the portion of its opinion that addressed § 4161 and allowed the Plaintiffs to amend their complaint. *Lummi Tribe v. United States*, No. 08-848C (Fed. Cl. 2011).

[2] This corresponds to the Court's fifth holding.

Am. Compl. at 9-10.

With regard to NAHASDA, Plaintiff asserts that its claim for relief precisely follows the language in § 4161 and is a separate claim from its other claims under the statute.  In this count, Plaintiff relies on 25 U.S.C. § 4161(a)(1)(A), which states in pertinent part, "[A]fter reasonable notice and opportunity for hearing that a recipient . . . has failed to comply substantially . . . the Secretary shall terminate payments . . . [or] reduce payments." *Id.*

It is clear to the Court that Plaintiff's claim, at this juncture, states a separate ground for relief. The Court agrees with Plaintiff that the Amended Complaint follows the statute, as the Amended Complaint specifically states, "HUD may only reduce a NAHASDA recipient's grant amounts by complying with the notice and opportunity for hearing requirements of [§ 4161]." Am. Compl. at 9-10.  The notice and hearing requirement was not met according to Plaintiff. Whether Plaintiff is entitled to this is a question that cannot be answered as presented by Defendant in its Motion to Dismiss. As written in its Amended Complaint, Plaintiff states a separate cause of action. Therefore, the Court shall vacate its prior opinion that dismissed the § 4161 claim for not being a separate ground for relief.

For the reasons set forth above, the Court hereby **GRANTS** Plaintiff's Motion to Vacate, Alter, or Amend and **VACATES** the Opinion with regard to its holding that § 4161 does not provide Plaintiff with a separate ground for relief in this Court.  Count II is hereby reinstated.

**IT IS SO ORDERED.**

                                            s/Loren A. Smith
                                            LOREN A. Smith
                                            Senior Judge